*Pro Se 1 2016*

FILED    LODGED
RECEIVED

JUL 1 2 2021

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY            DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| WILLIAMS, C. LISETTE, | **CASE NO.** _____ |
| C_____, J_____ (m) | |
| CA_____, D_____ (m) | **COMPLAINT FOR A CIVIL CASE** |
| **Plaintiff(s),** | Jury Trial: ☒ Yes ☐ No |
| **v.** | |
| DEPARTMENT OF THE ARMY, | |
| U.S. ARMY CLAIMS SERVICE, | |
| JUDGE ADVOCATE GENERAL, | |
| TORT CLAIMS DIVISON, | |
| **Defendant(s),** | |

### I.   THE PARTIES TO THIS COMPLAINT

**A.   Plaintiff(s)**

Plaintiff No. 1

| | |
|---|---|
| Name | Lisette C. Williams |
| Street Address | 9354 Skylark Court |
| City and County | JBLM, Pierce County |
| State and Zip Code | Washington 98433 |
| Telephone Number | (323) 434-8444 |

COMPLAINT FOR A CIVIL CASE - 1

*Pro Se 1 2016*

1

2          Plaintiff No. 2

3          Name                    J█████ C█████ (m)
            Street Address          9354 Skylark Court
            City and County         JBLM, Pierce County
4          State and Zip Code      Washington, 98433

5

6          Plaintiff No. 3

7          Name                    D█████ C█████ (m)
            Street Address          9354 Skylark Court
8          City and County         JBLM, Pierce County
            State and Zip Code      Washington, 98433
9

10

11   **B.**    **Defendant(s)**

12         Defendant No. 1

13         Name                    Department of The Army, Judge Advocate General
            Job or Title *(if known)*   U.S. Army Claims Service, Tort Claims Division
14         Street Address          4411 Llewellyn Avenue, Suite 5360
            City and County         Fort George G. Meade, Anne Arundel Maryland County
15         State and Zip Code      Maryland, 20765 - 5125

16

17         Defendant No. 2

18         Name                    Hugo V. Mendoza Soldier Family Care Center
            Job or Title *(if known)*
19
            Street Address          11335 Ssg Sims Street.
20         City and County         Fort Bliss, El Paso County
            State and Zip Code      Texas, 79918 – 8013
21

22

23

24

COMPLAINT FOR A CIVIL CASE - 2

*Pro Se 1 2016*

1

2

3                                    II.     STATEMENT OF CLAIM

4

5           1.     Plaintiff(s) are the victims of multiple and have suffered significant

6    damages due to the Defendant(s) employee Nurse Case Manager Jean Bernardini

7    failure under Tort duty breach causation damages.  Whom was acting within her

8    employment scope of duties.

9    Breach – The Defendant breached that legal duty by acting or falling to act in a

10   certain way.

11   Causation – It was the Defendants actions or inactions that actually caused the

12   Plaintiff(s) personal injury, deteriorated relationships with family, strain on my

13   marriage, humiliation, withdrawal from attending school, and social settings. Fear

14   of freedom of movement, children in fear of foster homes, police threats, and

15   being abducted by authority figures.

16   Damages – The Plaintiff(s) were harmed or injured as a result of the defendants
     actions.
17

18          2.     That disclosure of medical records constituted an unwarranted invasion of

19   our rights to privacy that due to the Defendant(s) actions resulted from the

20   negligence of Government employee(s) failure to secure the confidentiality of the

21   Plaintiff(s) medical records and personal information.

22

23

24

COMPLAINT FOR A CIVIL CASE - 3

*Pro Se 1 2016*

1

2

3        3.     The Defendant(s) negligence and recklessness actions that the Plaintiff(s)

4        suffered Intentional Tort with unreasonable and serious interference with

5        intrusion of privacy disclosure of HIPAA in order to file a false claim to the

6        Texas Department of Child Protective Services which caused the Plaintiff(s)

7        4.     Which caused the Plaintiff(s) the following:  Personal Injury, Emotional

8        Distress, Mental Anguish, Psychological Trauma, and Non – Economic Damages

9        5.     Causing the Plaintiff(S) LISETTE WILLIAMS was under a physicians

10       medical care emotional therapy and was being treated for anxiety, depression,

11       panic attacks, and sleep disorder, that was than prescribed Zoloft 10mg, Valium

12       5mg, and ProAir HFA Albuterol sulfate inhaler.

13       6.     Causing the Plaintiff(s) D█████ C█████████ (m) was under a

14       physicians medical care and was being treated for mental health therapy, and

15       psychological medical treatment and medication, for insomnia, and depression.

16       7.     Causing the Plaintiff(s) J█████ C█████████ (m) was under a

17       physicians medical care for an Eating Disorder where he was attending physical

18       therapy, mental health, for his sleeping disorder, and anxiety attacks.

19

20

21

22

23

24

COMPLAINT FOR A CIVIL CASE - 4

Pro Se 1 2016

| | |
|---|---|
| 1 | **III.   RELIEF** |
| 2 | |
| 3 | 1.     Plaintiff(s) respectfully ask the Courts that The United States Army and |
| 4 | Government who are the Defendant(s) in this legal claim be held liable for their Tortious acts of |
| 5 | its employees Under the Federal Tort Claims Act (FTCA), Title 28, United States Code, Section |
| 6 | Defendants unlawful actions were intentional, willful, malicious and reckless disregard to the |
| 7 | Plaintiff(s) had informed the Defendant(s) regarding their employee(s) misconduct and unethical behavior had prior knowledge of their actions that their failure to adequately supervise and take appropriate action of corrective action resulted the Plaintiff(s) to suffer personal injury |
| 8 | |
| 9 | 2.     Plaintiff(s) LISETTE WILLIAMS, J████████ C,████████(m) and |
| 10 | D████ C████████ (m) are seeking a judgement claim(s) in the amount of $50,000 for |
| 11 | (each) Plaintiff(s) mentioned within the court complaint for compensation for personal injury |
| 12 | Combined total amount of $150,000 |
| 13 | |
| 14 | **IV.   CERTIFICATION AND CLOSING** |
| 15 | Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my |
| 16 | knowledge, information, and belief that this complaint: (1) is not being presented for an improper |
| 17 | purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; |
| 18 | (2) is supported by existing law or by a non frivolous argument for extending, modifying, or |
| 19 | reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so |
| 20 | identified, will likely have evidentiary support after a reasonable opportunity for further |
| 21 | investigation or discovery; and (4) the complaint otherwise complies with the requirements of |
| 22 | Rule 11. |
| 23 | |
| 24 | |

COMPLAINT FOR A CIVIL CASE - 5

*Pro Se 1 2016*

1    I agree to provide the Clerk's Office with any changes to my address where case-related

2   papers may be served. I understand that my failure to keep a current address on file with the

3   Clerk's Office may result in the dismissal of my case.

4       Date of signing:          July 08, 2021

5       Signature of Plaintiff

6       Printed Name of Plaintiff    Lisette C. Williams

7

8       Date of signing:          July 08, 2021

9       Signature of Plaintiff

10      Printed Name of Plaintiff    J████ C████ (m)

11

12      Date of signing:          July 08, 2021

13      Signature of Plaintiff

14      Printed Name of Plaintiff    D████ C█████ (m)

15

16

17

18

19

20

21

22

23

24

COMPLAINT FOR A CIVIL CASE - 6



TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

COMMISSIONER
H. L. Whitman, Jr.

Lisette Williams
13391 LOIS HOLLINGSWORTH ST
EL PASO, TX 79908-4432

Mailing Date: 5/22/2018

Re: Case# 46719188; Notice of Findings of CPS Investigation

Dear  Lisette Williams:

The Department of Family and Protective Services(DFPS) has completed its investigation of alleged abuse or neglect reported on 4/10/2018 involving one or more children in your family and made the following findings:

| Alleged Perpetrator | Alleged Type of Abuse or Neglect | Alleged Victim | Finding |
|---|---|---|---|
| Williams,Lisette | Medical Neglect | C███D | Ruled Out |
| Williams,Lisette | Medical Neglect | C███J███A | Ruled Out |

**How Findings are Determined.**

- A finding of '**Ruled Out**' means that, based on the available information, it was reasonable to conclude that the alleged abuse or neglect did not occur.

**How Certain Types of Abuse or Neglect are Defined.**

**Medical Neglect**  includes the following acts or omissions by a person:

- failing to seek, obtain, or follow through with medical care for a child, with the failure resulting in or presenting a substantial risk of death, disfigurement, or bodily injury or with the failure resulting in an observable and material impairment to the growth, development, or functioning of the child.

**Right to Request Records.** You have the right to request a copy of the investigation records. The records will be redacted to remove the identity of the person who reported the alleged abuse or neglect and any other information which you are not entitled by law to receive. Release of records may be delayed or denied if the release would interfere with an ongoing criminal investigation or for other valid legal reason. You may be charged a fee for copies of these records. You may contact me to obtain a copy of the form needed to request these records or you may obtain a copy of this form at:

http://www.dfps.state.tx.us/Child_Protection?About _Child_Protective_Services/faqcpsrecord.asp

**Right to Request Role Removal.** Since all the allegations against either you or any child in your family have been 'ruled out', you have the right to request that we remove information regarding yourself in the role of alleged

perpetrator(s) in this investigation. If you decide to request removal of role information, you must complete and submit the enclosed form(s) within 45 calendar days of the 'mailing date' listed at the top of this letter.

If you have any questions or concerns regarding the investigation or any of the information discussed in this letter, you may contact me at the address or phone number provided below.

Marine Rodriguez
11295 EDGEMERE 11295 EDGEMERE
EL PASO, TX 79936
(915) 996-3439 Ext. 0272



## DEFAMATION

As discussed in Chapter 4, the freedom of speech guaranteed by the First Amendment is not absolute. In interpreting the First Amendment, the courts must balance the vital guarantee of free speech against other pervasive and strong social interests, including society's interest in preventing and redressing attacks on reputation.

**Defamation** of character involves wrongfully hurting a person's good reputation. The law imposes a general duty on all persons to refrain from making false, defamatory *statements of fact* about others. Breaching this duty orally involves the tort of **slander;** breaching it in writing involves the tort of **libel.** The tort of defamation also arises when a false statement of fact is made about a person's product, business, or title to property. We deal with these torts later in this chapter.

Often at issue in lawsuits alleging defamation (including online defamation, discussed later in this chapter) is whether the defendant's statement was one of fact or a *statement of opinion.* Statements of opinion normally are not actionable in tort because they fall under the protection of the First Amendment.

**The Publication Requirement.**   The basis of the tort of defamation is the publication of a statement or statements that hold an individual up to contempt, ridicule, or hatred. *Publication* here means that the defamatory statements are communicated to persons other than the defamed party. If Thompson writes Andrews a private letter falsely accusing him of embezzling funds, the action does not constitute libel. If Peters falsely states that Gordon is dishonest and incompetent when no one else is around, the action does not constitute slander. In neither case was the message communicated to a third party.

The courts have generally held that even dictating a letter to a secretary constitutes publication, although the publication may be privileged (a concept that will be explained shortly). Moreover, if a third party overhears

S E C T I O N

4

# Negligence

In contrast to intentional torts, in torts involving **negligence,** the tortfeasor neither wishes to bring about the consequences of the act nor believes that they will occur. The actor's conduct merely creates a risk of such consequences. If no risk is created, there is no negligence. Moreover, the risk must be foreseeable; that is, it must be such that a reasonable person engaging in the same activity would anticipate the risk and guard against it. In determining what is reasonable conduct, courts consider the nature of the possible harm. A very slight risk of a dangerous explosion might be unreasonable, whereas a distinct possibility of someone's burning his or her fingers on a stove might be reasonable.

To succeed in a negligence action, the plaintiff must prove the following:

**1.** That the defendant owed a duty of care to the plaintiff.
**2.** That the defendant breached that duty.
**3.** That the plaintiff suffered a legally recognizable injury.
**4.** That the defendant's breach caused the plaintiff's injury.

We discuss here each of these four elements of negligence.

## THE DUTY OF CARE AND ITS BREACH

Central to the tort of negligence is the concept of a **duty of care.** This concept arises from the notion that if we are to live in society with other people, some actions can be tolerated and some cannot; some actions are right and some are wrong; and some actions are reasonable and some are not. The basic principle underlying the duty of care is that people are free to act as they please so long as their actions do not infringe on the interests of others.

The law of torts defines and measures the duty of care by the **reasonable person standard.** In determining whether a duty of care has been breached, for example, the courts ask how a reasonable person would have acted in the same circumstances. The reasonable person standard is said to be (though in an absolute sense it cannot be) objective. It is not necessarily how a particular person would act. It is society's judgment of how an ordinarily prudent person should

Case 3:21-cv-05500-RSL   Document 1-1   Filed 07/12/21   Page 10 of 18

## CONCEPT SUMMARY 5.1
### Intentional Torts

| CATEGORY | NAME OF TORT |
|---|---|
| **Intentional Torts against Persons and Business Relationships** | 1. *Assault and battery*—Any unexcused and intentional act that causes another person to be apprehensive of immediate harm is an assault. An assault resulting in physical contact is battery. |
| | 2. *False imprisonment*—An intentional confinement or restraint of another person's movement without justification. |
| | 3. *Intentional infliction of emotional distress*—An intentional act that amounts to extreme and outrageous conduct resulting in severe emotional distress to another. |
| | 4. *Defamation (libel or slander)*—A false statement of fact, not made under privilege, that is communicated to a third person and that causes damage to a person's reputation. For public figures, the plaintiff must also prove that the statement was made with actual malice. |
| | 5. *Invasion of privacy*—Publishing or otherwise making known or using information relating to a person's private life and affairs, with which the public had no legitimate concern, without that person's permission or approval. |
| | 6. *Appropriation*—The use of another person's name, likeness, or other identifying characteristic, without permission and for the benefit of the user. |
| | 7. *Fraudulent misrepresentation (fraud)*—A false representation made by one party, through misstatement of facts or through conduct, with the intention of deceiving another and on which the other reasonably relies to his or her detriment. |
| | 8. *Wrongful interference with a contractual or a business relationship*—The knowing, intentional interference by a third party with an enforceable contractual relationship or an established business relationship between other parties for the purpose of advancing the economic interests of the third party. |
| **Intentional Torts against Property** | 1. *Trespass to land*—The invasion of another's real property without consent or privilege. Specific rights and duties apply once a person is expressly or impliedly established as a trespasser. |
| | 2. *Trespass to personal property*—The intentional interference with an owner's right to use, possess, or enjoy his or her personal property without the owner's consent. |
| | 3. *Conversion*—The wrongful taking and use of another person's personal property for the benefit of the tortfeasor or another. |
| | 4. *Disparagement of property*—Any economically injurious falsehood that is made about another's product or property; an inclusive term for the torts of *slander of quality* and *slander of title*. |

act. If the so-called reasonable person existed, he or she would be careful, conscientious, prudent, even tempered, and honest. That individuals are required to exercise a reasonable standard of care in their activities is a pervasive concept in business law, and many of the issues dealt with in subsequent chapters of this text have to do with this duty.

In negligence cases, the degree of care to be exercised varies, depending on the defendant's occupation or profession, her or his relationship with the plaintiff, and other factors. Generally, whether an action constitutes a breach of the duty of care is determined on a case-by-case basis. The outcome depends on how the court judge (or jury, if it is a jury trial) decides a rea-



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE, SUITE 5360
FORT GEORGE G. MEADE, MARYLAND 20755-5125

JAN 11 2021

## CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Tort Claims Division
20-121-T034/T035/T036

Lisette Williams
9354 Skylark Court
Joint Base Lewis-McChord, Washington 98433

Dear Ms. Williams:

This responds to your request for reconsideration of the denial of your claim, and the claims you filed on behalf of your minor sons, J███ C███ and D█ C████. In the claims, you allege Ms. Jean Bernardini, Nurse Case Manager, William Beaumont Army Medical Center, El Paso, Texas, wrongly used protected personal and health information in reporting you for suspected child neglect/abuse to the State of Texas Child Protective Services.

After reconsidering the claims, I must affirm the denial based on the reasons contained in the June 2, 2020 denial letter from the Office of the Staff Judge Advocate, Fort Bliss, Texas (copy enclosed).  The evidence does not support compensation in this case.

If you are dissatisfied with the denial of the claims, you may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter.  *See* 28 Code of Federal Regulations § 14.9(a).  By law, failure to comply with that time limit forever bars the claims.  *See* 28 United States Code § 2401(b).  This notice of final denial should not be construed as a concession by the United States that the claimants have complied with the applicable requirements of 28 United States Code § 2675(a) or 28 Code of Federal Regulations Part 14, nor should this be construed as a waiver by the United States of any of its defenses regarding the claims.

Sincerely,

*Nicholas M. Satriano*

Nicholas M. Satriano
Supervisory Attorney
Chief, Tort Claims Settlements Division

Enclosure



**DEPARTMENT OF THE ARMY**
WILLIAM BEAUMONT ARMY MEDICAL CENTER
5005 N PIEDRAS STREET
EL PASO, TX  79920-5001

*HIPAA Compliance Office*                                                    9 June 2018

Lisette Williams
13391 A Hollingsworth Street
El Paso, Texas 79906

Subject:  Notification of Disclosure

Dear Ms. Williams:

      On April 16, 2018, William Beaumont Army Medical Center (WBAMC) HIPAA Compliance Office received a privacy complaint from you through the Patient Affairs Office. This letter is to notify you of the potential compromise of your Personally Identifiable Information and Protected Health Information as it is essential that individuals remain aware of any events that may affect their privacy.

      The potential compromise occurred on 12 April 2018, when a WBAMC nurse case manager indecorously disclosed and released your children D█████ and J█████ C█████ medical information to Child Protective Services.  Although reporting of any negligence is not a HIPAA violation, the data elements involved included, referral and medical appointments with personally identifiable information on both J█████ and D████ C█████. On 16 April 2018, we were notified, and we immediately conducted response efforts, including a thorough investigation.  Our office has found your complaint to be **substantiated**. We are implementing corrective actions to prevent any future similar occurrences.

      We take this potential compromise very seriously.  We value our patients and share the goal of safeguarding your information.  On behalf of WBAMC and the HIPAA Compliance Office, I apologize for any inconvenience and concern this issue may have caused you.  We look forward to providing further health care management services to you.  If you have further questions or concerns, please contact Mrs. Tanya Bullock, 915-742-3691 or you may email me at tanya.r.bullock.civ@mail.mil.

                Sincerely,

                Tanya Bullock
                HIPAA Privacy Officer



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, FORT BLISS
OFFICE OF THE STAFF JUDGE ADVOCATE
1733 PLEASONTON ROAD
FORT BLISS, TEXAS 79916

June 2, 2020

Office of the Staff Judge Advocate
Claims Division

SUBJECT:  Claims of Lisette Williams and Lisette Williams for J████ C███████ and
D██████ C███████, minors, nos. 20-121-T034/035/036 – sent by Certified Mail, Return
Receipt

Lisette Williams
9354 Skylark Court
Joint Base Lewis-McChord (JBLM)
WA 98433

Dear Ms. Williams:

This responds to the subject claims you filed with the Fort Bliss Claims Office, Office
of the Staff Judge Advocate, Fort Bliss, Texas, on April 13, 2020.  I regret we cannot
pay your claims.

This notice constitutes final administrative action on your claims under the Federal
Tort Claims Act against the United States in amounts of $50,000, each, for personal
injuries allegedly sustained when a William Beaumont Army Medical Center (WBAMC),
El Paso, TX, case manager nurse, Ms. Jean Bernardini, allegedly used your and your
minor sons' protected personal and health information in reporting you for suspected
child neglect/abuse to State of Texas Child Protective Services.

The Claims Division, Fort Bliss, Texas, considered your claims under the Federal Tort
Claims Act (FTCA), Title 28, United States Code, Sections 2671-2680, as implemented
by Army Regulation (AR) 27-20, Chapter 4.  Pursuant to the statute and Army
regulations, U. S. Army Colonel Andrew M. McKee, Staff Judge Advocate, has denied
your claims.

Our investigation revealed no evidence that the United States Army by or through its
employees acting within the scope of their employment caused this alleged loss. Your
claim forms and attachment pages were construed as raising arguable causes of action
under the FTCA applying Texas law for invasion of privacy, intentional infliction of
emotional distress, and libel. The alleged acts of or omissions resulting in the invasion
of privacy and intentional infliction of emotional distress and by Ms. Bernardini occurred
outside the scope of any official duties she had with the Army.  Instead, she acted from
purely personal motives for which she was appropriately disciplined by the WBAMC

administration.  Under the FTCA, the United States is not liable for the tortious acts of its employees acting outside the scope of their employment.  As to your claims of libel, such causes of action are explicitly barred from any recovery against the U.S. Government under 28 USC Section 2680(h).  The United States Army and Government, in summary, are not liable for your loss under the FTCA.  Furthermore, as indicated in the letter sent you dated April 24, 2020, to the extent that your claims may be construed as alleging violation of federal privacy statutes, not cognizable under the FTCA, you have the right to file a lawsuit directly in the appropriate federal court if the applicable statute of limitations has not already run.

Army Regulation 27-20, paragraph 2-56, provides you the right to appeal this adjudication under the FTCA.  If you wish to appeal, send a letter stating that you appeal from the decision in this notice of final action.  Send the letter to: Commander, HQ, U.S. Army, 113 Pershing Road, Attn.: AFBL-JA-CL (Mr. Tasher), Fort Bliss, Texas 79916.  Ensure the appeal is postmarked not more than six (6) months after the date of this letter.  If the last day of this six months period falls on a day in which the post office is closed, the next day on which it is open for business is the final day of the appeal period. Generally, you must submit evidence or argument in support of the appeal with your letter, and while there is no format prescribed for the appeal letter, it, or supporting documents, should set forth the factual or legal grounds relied upon and should respond to the issues raised in this letter. However, nothing in the above implies the success of an appeal.

If you are dissatisfied with the denial of these claims under the FTCA, you may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter.  See 28 C.F.R. § 14.9(a).  By law, failure to comply with that time limit forever bars your claim.  See 28 U.S.C. § 2401(b).  This notice of final denial should not be construed as a concession by the United States that the claimant has complied with the applicable requirements of 28 U.S.C. §2675(a) or 28 C.F.R. Part 14, nor should this be construed as a waiver by the United States of any of its defenses regarding the claim.

If you have any questions, you may contact me at jeffrey.j.tasher.civ@mail.mil.

Sincerely,

- **ORIGINAL SIGNED**

Jeffrey J. Tasher
Attorney Advisor
Claims Division

Lisette C. Williams, D█████ C█████, & J█████ C█████
9354 Skylark Court
Fort Lewis, Washington, 98433
mslisette41926@yahoo.com
(323) 434-8444

December 01, 2020

Commander HQ U.S Army
113 Pershing Road
Attn: AFBL-JA-CL
Mr. Tasher
Fort Bliss, TX 79916

Dear Mr. Tasher,

      I apologize for my delay I am responding to the letter of denial I received that was dated on June 02, 2020, regarding our claim that was submitted for myself Lisette C. Williams and mother of J█████ and D█████, C█████.

      This is in response to your decision regarding our claim, Please accept this letter as our formal appeal notice under AR 27-20, paragraph 2-56.

      According to your letter it states that Ms. Bernardini acted outside the scope of any official duties she had with the Army, I strongly disagree with your letter it gives conflicting claims to your denial it states she acted from purely personal motives but was disciplined for her actions, which gives the impression as an employee who was working during her work scheduled, using government property, accessing their medical records, communicating with Dr. Rance, as well as other medical professionals/staff performing her duties as the case manager that was assigned by Dr. Cecilio to mange my children's medical affairs and had billed TRICARE for her services as the case manager that was coordinating there health care.

      Enclosed are documents to further support our claim for personal injuries and non economic damages that we had incurred due to the negligence and conduct sustained from the employees at Mendoza Medical clinic located in Fort Bliss, Texas.
      Whom are the following: case manager Jean Bernardini RN, Dr. Rance and other medical professionals and staff.

      Note: in further review of the medical health records for my (sons) Jonathan and Donaven Carrasco, Ms. Bernardini was in fact working within the scope of her job as the assigned case manager per their primary care Dr. Celicio, to facilitate my son's health care during her absence.

      Ms. Bernardini was performing her job duties as ordered, by Dr. Cecilio, Dr. Rance and consulting with other medical professionals and staff including CM liaison in regards to the

coordinating care for my (son's) noted within their health record there are several notations made by Ms. Bernardini on multiple occasions and some by Dr. Rance.

**On several Health Records there were notations of the following:**
    **1. Encounter for other administrative examinations**
**Procedure(s): (COORDINATED CARE FEE RISK ADJUSTMENT MAINTENANCE LEVEL which gives a number " _ " CASE MANAGEMENT EACH "including minutes which varies" Multidisciplinary Conference CM to CM liaison (aka) Case Manager, or other medical staff or (CPS Worker) etc...**
**Coordination of Multiple Services, F/U, etc...**

**Other medical professionals were fully aware of Ms. Bernardini because before she could proceed with any other medical services, treatment, referrals, etc... she needed approval to facilitate any additional medical services for my children as well as before reporting the medical neglect to Texas CPS, she need their approval and or support, Ms. Bernardini was reporting to other medical professionals regarding, what was necessary for children's care and was not acting only on her own personal motives as it was mentioned in your denial letter, now some of the statements made that were unprofessional was that of her own personal motives, but in detail within the health record she was documenting the medical care and services that were needed and provided, that was readily available to others to review, therefore she was performing within her job description, as a case manager and due to her negligence and other medical staff failure to review Dr. Cecilio orders, and notations within my children's medical record, that were clearly noted that my spouses was deployed, that grandmother Eleanor Scott who had a (POA) and I Lisette Williams was dependent on assistance with my children's medical care during that timeframe which was well documented on February 09, 2018, and due to their poor judgment and careless actions had caused us to suffer psychological trauma and incite personal injury.**

    Ms. Bernardini was performing her job as case manager in regards to medical referrals, appointments, communicating with other medical professionals etc... and the other medical staff which some were mentioned by name had knowledge of Ms. Bernardini actions.

    The medical staff and employees whom were apart of the medical coordination/conferences etc... for my (sons) are also responsible for their role and due to their negligence and failure to review my sons medical records which they had access to review regarding the care plan that was given to Ms. Bernardini by Dr. Cecilio. There lack of communication as professionals to over see proper procedures that were within the job description to assist in any way needed by the case manager whom had failed to establish a communication with the patients legal guardian when Ms. Bernardini was scheduling appointments from direct orders from Dr. Cecilio and Dr. Rance as noted within the medical record, as well as several other notations made that she had contact with Eleanor Scott personally and left messages with her and made several mentions of direct communication that

was well documented in February, March, and April 2018 but only 1 notations of speaking with me.

      Due to their irresponsibility to review the medical records which indicated that the person who had been assisting with my sons medical care was their grandmother Eleanor Scott, and due to there failure to properly assess the situation and their responsibilities as medical professionals working closely with Ms. Bernardini were acting as employees working with the scope of there job description in fact did cause personal injury under the Federal Tort Act.

      Documented within the Medical Record with detailed information and the services Ms. Bernardini was performing as a case manager were within the scope of her job description.

      On February 09, 2018 noted within J███ C███ medical Record under section **Appointment Comments: written by Ms. Bernardini**
Receive the attached written request to assist patient and family specifically mom to coordinate patient service care after mom was recently involved in a MVA in November 2017 leading to concussions in memory loss per PCM Dr. Cecilio, mom noted on last visit that she is having difficulty focusing on task and her mother children's grandmother is assisting with driving in keeping track of upcoming appointments.  Including but not limited to other notations made by Ms. Bernardini regarding medical appointments where she wrote contact with grandmother (Eleanor Scott) and it states several conversations with her. There are also other notations that appointments were made without my knowledge or consent.

      According to the job description of a case manager they are suppose to communicate and coordinate medical services with the patient/guardian and on several occasions Ms. Bernardini failed to execute her duties as a case manager in addition it was her responsibility within her job description to assist in the medical care for my children not take over the situation to facilitate what she felt was the best option for there medical care, regarding making appointments with out informing the patient, she was also updating, coordinating, consulting, targeted assignments with other medical professionals, requesting referrals and was in direct communication with Dr Rance.

      The employees whom were over seeing the Coordinated Care for my sons, again their neglect and failure to review the medical records which had notations of who was handling my children's appointments, that my spouse was deployed that I Lisette Williams was having medical issues, and attending school.

      There was no contact with me regarding the medical appointments being made on my children's behalf but in Ms. Bernardini notes she was in constant Communication with grandmother Eleanor Scott, where it documents speaking with grandmother who has POA, legal guardian, made contact with on numerous occasions, as well as notations by Dr. Rance.

      The medical professionals and staff had knowledge of Ms.Bernardini actions, and were being updated on the status of my children's medical care, she was reporting and documenting everything within the medical record in efforts for other medical professionals and staff to review and be aware of what was the coordinated care plan for my children.

In support of our appeal the following is written documentation which has also been documented within my children's medical records that Ms. Bernardini was in fact acting within the scope of her job, considering the fact that she was given direct orders on behalf of my children's pediatrician Dr. Cecilio and was the assigned case manager during her absence.

Ms. Bernardini was in consent contact with Dr. Rance and several other staff and made notations in my children's medical records of her actions mentioning that she was directed by Dr. Rance therefore she was following direct orders, as well as scheduling appointments on my children's behalf contacting clinics and following up with Dr. Race and was updating her notations within my children's medical record. These are duties of not only as a case manager but an employee as well which fall under the scope of official duties.

There was communication with other medical staffs and direct orders from Dr. Rance to file a report of medical neglect everyone involved were fully aware of Ms. Bernardini's intentions to report alleged claims of child neglect to the State of Texas Child Protective services or to mention on several occasions that were also noted with their medical record of I Lisette Williams, had gone to speak with several employees and medical staff regarding my concerns about being reported to Texas CPS, HIPAA, and Ms. Bernardini conduct, and in the several direct conversations everyone had knowledge about the situation.

In conclusion here is my written Statement of Appeal on behalf of myself Lisette Williams and my son's J█████ and D█████ C█████. Enclosed additional evidence **(copies of medical records and a notarized letter )** which was given to the Medical Director of Mendoza Medical Clinic.

This was an improper denial of our claim that was caused by the medical professionals and staff employed at Mendoza Medical clinic, in Fort Bliss, Texas during the time of occurrence, there neglect and failure to follow the rules and regulations of proper procedures of their job are responsible for their actions because they were working within the scope of there employment that caused us catastrophic detrimental infliction of emotional duress and mental anguish caused our family to suffer personal injury and non-economic damages due to the carelessness acts and misconduct.

I am requesting a settlement to our claims under the Federal Tort Claims Act against the United States in the amount of $50,000 each for the following parties: Lisette Williams, mother and legal guardian of J█████ C█████ and D█████ C█████.

For the tortious acts of its employees which caused intentional infliction of emotional distress mental anguish psychological trauma personal injury and non-economic damages.

I we greatly appreciate consideration of our appeal for claims of personal injury for what our family has incurred due to the negligence I misconduct of the employees at Mendoza medical clinic.

Sincerely,

Lisette Williams