UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISETTE C WILLIAMS, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>DEPARTMENT OF THE ARMY, JUDGE ADVOCATE GENERAL, and HUGO V MENDOZA SOLDIER FAMILY CARE CENTER,<br><br>             Defendants. | CASE NO. 3:21-cv-05500-DGE<br><br>ORDER TO SHOW CAUSE |

### I   INTRODUCTION

This matter comes before the Court on Plaintiff Lisette Williams' Motion for Default Judgment. (Dkt. Nos. 15, 16.)[1] Because Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), the Court questions whether Plaintiff has named the proper party as a

---

[1] On February 15, 2022, Plaintiff filed a Motion for Default Judgment. (Dkt. No. 15.) On February 22, 2022, Plaintiff filed a duplicate Motion for Default Judgment. (Dkt. No. 16.) Therefore, the Court considers both motions simultaneously.

ORDER TO SHOW CAUSE - 1

defendant. As a result, the Court questions whether it has authority to grant default judgment against Defendants Department of the Army, Judge Advocate General and Hugo V. Mendoza Soldier Family Care Center.

Accordingly, the Court ORDERS Plaintiff to file a brief that shows the two named Defendants, the Department of the Army, Judge Advocate General and Hugo V. Mendoza Soldier Family Care Center, are the right parties to sue in this action brought under the FTCA. In the alternative, if Plaintiff determines that the named parties are not the right party to sue in this action, Plaintiff may file a Motion to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and would then need to proceed accordingly.

## II   BACKGROUND

On April 12, 2018, Ms. Jean Bernardini, a Nurse Case Manager at the William Beaumont Army Medical Center, allegedly disclosed and released private medical information about Plaintiff's children to the State of Texas Child Protective Services. (Dkt. No. 5 at 12-13.)[2] Plaintiff filed claims under the FTCA with the Fort Bliss Claims Office, Office of the Staff Judge Advocate on April 13, 2020. (*Id.* at 13.) Plaintiff's claims were denied. (Dkt. No. 5 at 11, 13.)

On July 12, 2021, appearing *pro se*, Plaintiff filed a Complaint and Application to Proceed *In Forma Pauperis* (IFP) with the United States District Court for the Western District of Washington. (Dkt. No. 1.) Plaintiff's IFP status was approved on August 16, 2021. Plaintiff served the summons and a copy of the Complaint on the two named parties in this action: Department of the Army, Judge Advocate General and Hugo V. Mendoza Soldier Family Care Center. (Dkt. Nos. 8, 9.) Neither the Department of the Army, Judge Advocate General nor

---

[2] In describing the factual background, the Court relies on the Plaintiff's allegations in her Complaint as well as the administrative filings attached to the Complaint. (*See generally* Dkt. No. 5.)

ORDER TO SHOW CAUSE - 2

Hugo V. Mendoza Family Care Center responded. (Dkt. No. 15 at 2.) On February 15, 2022, Plaintiff requested that the Court enter default judgment against the Defendants named in Plaintiff's Complaint. (Dkt. No. 15.)

### III   DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, the Court questions whether the two named parties are the right parties to be listed as defendants in Plaintiff's suit under the FTCA. Thus, the Court questions whether it has authority to enter default judgment against the parties named by Plaintiff.

Plaintiff appears to allege only one claim against Defendants under the FTCA. (*See generally* Dkt. No. 5.) Specifically, she alleges that, due to "[t]he Defendant(s) negligence and reckless[] actions" and "unreasonable and serious interference with intrusion of privacy disclosure of HIPAA in order to file a false claim to the Texas Department of Child Protective Services[,]" Plaintiff and her two minor child suffered personal injury including emotional distress. (Dkt. No. 5 at 4.)

The FTCA provides the exclusive remedy against the United States for claims involving the tortious or wrongful acts or omissions of employees or agents of the federal government. 28 U.S.C. § 2679(b)(1). The United Sates is the only proper defendant in a suit under the FTCA. 14 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3658 (4th ed. 2021) ("A suit under the FTCA must be 'against the United States'") (citing 28 U.S.C. § 1346(b)). *See also Ivey v. U.S.*, 873 F. Supp. 663, 667 (N.D. Ga. 1995) ("In a FTCA claim, only the United States is a proper defendant."). Because the FTCA requires a Plaintiff to name the

"United States" as the sole defendant, the Court questions whether Plaintiff has named the proper defendant in this action, and consequently, whether the Court has the authority to enter default judgment against the named defendants.

Accordingly, the Court ORDERS Plaintiff to file a response brief that shows the Department of the Army, Judge Advocate General and Hugo V. Mendoza Soldier Family Care Center are the right parties to sue in this action. In the alternative, if Plaintiff determines the named parties are not proper, Plaintiff shall file a Motion for Leave to Amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which, if approved, will need to be properly served.

Plaintiff shall file a response to the Court's Order to Show Cause no later than April 1, 2022.

Dated this 28th day of February, 2022.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 4