UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISETTE C WILLIAMS, | CASE NO. 3:21-cv-05500-DGE |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 48) |
| v. | |
| DEPARTMENT OF THE ARMY, JUDGE ADVOCATE GENERAL, | |
| Defendant. | |

**I       INTRODUCTION**

This matter comes before the Court on Plaintiff Lisette C. Williams' Motion to Appoint

Counsel for her minor children ("Motion").  (Dkt. No. 48.)

**II       BACKGROUND**

Plaintiff Williams, a non-lawyer, brought suit against the United States on behalf of

herself and her children.  She is proceeding pro se and in forma pauperis.  Her claims stem from

an allegedly false report an army base nurse made to Child Protective Services ("CPS").  (*See*

Dkt. No. 28.)  The Amended Complaint asserts the nurse erroneously filed the report after

1    Plaintiff Williams missed medical appointments which Plaintiff Williams was not aware of.

2    (Dkt. No. 28 at 2.)  Plaintiff Williams asserts the report contained her minor children's sensitive

3    medical information.  (*Id*. at 1–2.)  Plaintiff Williams alleges her minor children suffered

4    damages because of the false report.  (*Id*. at 4.)  Plaintiff Williams asks the Court to appoint

5    counsel on behalf of her minor children.  (Dkt. No. 48.)

6                                   **III      DISCUSSION**

7            Parents or guardians ad litem may not bring lawsuits "on behalf of minor children

8    without retaining a lawyer."  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

9    This rationale is "it is not in the interest of minors or incompetents that they be represented by

10   non-attorneys."  *Id*. (quoting *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876,

11   882-83 (3rd Cir. 1991)).

12           The Western District of Washington previously interpreted the Ninth Circuit's holding to

13   preclude non-lawyer parents from filing *any* motion on behalf of their child, including motions to

14   appoint counsel.  *Williams on behalf of TLW v. Cent. Kitsap Sch. Dist*, No. 21-5298 RJB, 2021

15   WL 9684303, at *1.   Generally, this is a logical conclusion, given the Ninth Circuit's language

16   prohibits parents from "bring[ing] an *action*" itself.  *Johns* 114 F.3d at 877 (emphasis added).  It

17   follows that if a parent cannot bring an action, they cannot bring a motion in that action.

18           Because Plaintiff Williams is not an attorney and was not authorized to file a lawsuit on

19   behalf of her minor children, she is unable to advance her minor children's claims and is not

20   authorized to present any requests to the Court on behalf of her children.

21

22

23

24

ORDER DENYING MOTION TO APPOINT COUNSEL
(DKT. NO. 48) - 2

1

**A.  CONCLUSION**

2          Accordingly, and having considered Plaintiff Williams' motion, the briefing of the

3    parties, and the remainder of the record, the Court finds and ORDERS that the Motion to

4    Appoint Counsel is DENIED.

5

6          Dated this 14th day of June, 2023.

7

8
                                                   _____
9                                                  David G. Estudillo
                                                   United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24