UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISETTE C WILLIAMS,<br><br>                    Plaintiff,<br>       v.<br><br>DEPARTMENT OF THE ARMY, JUDGE ADVOCATE GENERAL,<br><br>                    Defendant. | CASE NO. 3:21-cv-05500-DGE<br><br>ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) |

**I      INTRODUCTION**

This matter comes before the Court on Defendant United States' Motion to Dismiss Plaintiff Lisette Williams' Amended Complaint. (Dkt. No. 33.)

**II      BACKGROUND**

Plaintiff filed her Amended Complaint for damages on July 12, 2023. (Dkt. No. 28.) She brings this suit on behalf of herself and her two minor children J.C. and D.C. (*Id*.) The Amended Complaint alleges "Nurse Case Manager Jean Bernardini intentionally compromised and invaded Plaintiff's private matters of personally identifiable information by disclosing

1 protected private data[.]" (Dkt. No. 28 at 1) (cleaned up).  Specifically, Plaintiff alleges the
2 nurse at William Beaumont Army Medical Center in El Paso, Texas "erroneously reported
3 [Plaintiff] for alleged child abuse/neglect . . . [to] the Department of Texas Child Protective
4 Services[.]" (*Id*. at 2) (cleaned up).  The Amended Complaint alleges the nurse filed a "false
5 report" after Plaintiff missed medical appointments which she had "no knowledge or
6 notification" of.  (*Id*.) (cleaned up).

7      The Amended Complaint alleges she informed the Defendant of Nurse Bernardini's
8 "possible HIPAA violation" and of the health records disclosure, but that Defendant "failed to
9 investigate".  (*Id*.) (cleaned up).  It alleges the intentional disclosure of her children's medical
10 records without her prior authorization or consent is "a [v]iolation of Texas Privacy Act and
11 HIPAA." (*Id*.)  Plaintiff alleges this disclosure "constituted an unwarranted invasion of
12 Plaintiffs' rights and privacy" that amounted to "gross medical negligence".  (*Id*. at 3) (cleaned
13 up).

14      Plaintiff asserts this violation of privacy has resulted in her treatment "for anxiety,
15 depression, panic attacks, and sleep disorder[.]" (*Id*. at 4) (cleaned up). The alleged violation has
16 also caused her minor children D.C. and J.C. a host of behavior and mental health issues that
17 have affected their education.  (*Id*.)

18          **III     STANDARD OF REVIEW**

19      Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable
20 legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*
21 *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken
22 as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d
23 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
24

not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### IV     DISCUSSION

**A. Plaintiff asserts Claim for Invasion of Privacy, Not Defamation.**

Defendant asserts the "gravamen of [Plaintiff's] claim is that [the Defendant] defamed her when it falsely reported her to Texas Child Protective Services for child abuse[.]" (Dkt. No. 33 at 1.) Plaintiff asserts Defendant is incorrect in construing the Amended Complaint as a defamation action. She calls this characterization a "misconception". (Dkt. No. 34 at 2.)

The Court agrees the Amended Complaint is not a claim for defamation. The Amended Complaint neither mentions defamation, nor any facts that implicitly allege the elements of defamation. Although it is exceedingly common for complaints that reference false Child Protective Services ("CPS") reports to claim defamation, in this case Plaintiff references the allegedly false CPS report only insofar as its alleged falsity created the invasion of privacy, as opposed to its falsity creating a defamation claim. (Dkt. No. 28 at 1–2). Plaintiff implies that *because* the report was false, it constituted an invasion of privacy. (*Id*.) Although Plaintiff may assert the nurse made false claims to CPS, the Amended Complaint does not claim these false claims defamed Plaintiff.

ORDER GRANTING MOTION TO DISMISS (DKT. NO. 33) - 3

Accordingly, the Court construes the Amended Complaint in favor of Plaintiff and finds that Plaintiff alleges an invasion of privacy claim.

### B. Sovereign Immunity inapplicable to invasion of privacy claim.

The United States is immune from suit unless it waives such immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Pursuant to the Federal Tort Claims Act, sovereign immunity is waived "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Notwithstanding, "[t]he Act did not waive the sovereign immunity of the United States in all respects, however; Congress was careful to except from the Act's broad waiver of immunity several important classes of tort claims." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). Non-waived torts under the Federal Torts Claims Act include "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]" *See* 28 U.S.C. § 2680(h). The tort of invasion of privacy is not included as a non-waived tort.

Accordingly, sovereign immunity is inapplicable to Plaintiff's invasion of privacy claim.

### C. Plaintiff fails to State Claim for Invasion of Privacy Under Texas Law.

Under Texas Family Code § 261.106(a), a person who in good faith reports or assists in the investigation of alleged child abuse or who testifies or participates in a judicial proceeding arising from a report or investigation of alleged child abuse is immune from civil liability that might otherwise arise. Conversely, a person who acts in bad faith or with malicious purpose in reporting alleged child abuse or neglect is not immune from civil or criminal liability. *Miranda v. Byles*, 390 S.W. 3d 543 (Tex. Ct. App. 2012).

Here, Plaintiff asserts the invasion of privacy occurred when the nurse disclosed sensitive medical information that should not have been released because the report was false. (Dkt. No. 28 at 2) (noting the nurse justified releasing the medical records when she "erroneously reported the Plaintiff . . . for child abuse/neglect[.]"). Plaintiff does not allege the release of medical records was unlawful regardless of the falsity of the report. She puts forth no facts in the Amended Complaint that the nurse made the report in bad faith or with malicious purpose. Absent such allegations, the Defendant is immune from civil liability for making a report to CPS pursuant to Texas Family Code § 261.106(a).

**D. Disclosure of medical records is not actionable under HIPAA and Texas Law.**

Plaintiff asserts the nurse's disclosure of "medical health records without authorization" amounts to a "[v]iolation of Texas Privacy Act and HIPAA." (Dkt. No. 28 at 2.) However, "neither HIPAA nor the [Texas Privacy Act] provide a private remedy." *Sloan v. Farmer*, 217 S.W.3d 763 (Tex. Ct. App. 2007). As such, Plaintiff fails to state a claim as to a HIPAA or Texas Privacy Act violation.

**E. Plaintiff has no standing to assert claims on behalf of her children.**

Under Texas law, "[a] communication between a physician and a patient, relative to or in connection with any professional services as a physician to the patient, is confidential and privileged and may not be disclosed except as provided in this chapter." Texas Occupations Code § 159.002(a). However, Texas courts have found "no physician-patient relationship exists between the parent and the doctor." *Warnke v. Boone*, 4 S.W.3d 266 (Tex. Ct. App. 1998).

In addition, parents or guardians ad litem may not bring lawsuits "on behalf of minor children without retaining a lawyer." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). This rationale is "it is not in the interest of minors or incompetents that they be

represented by non-attorneys." *Id.* (quoting *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882–83 (3rd Cir. 1991)).

Here, Plaintiff seeks to advance claims on behalf of her children based on the alleged disclosure of her children's medical records. (*See* Dkt. No. 28 at 4, 6–8.) She cannot do so because she is not an attorney and because there is no physician-patient relationship between Plaintiff and her children's medical provider.

## V    CONCLUSION

Accordingly, and having considered Defendant's motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's Motion to Dismiss is GRANTED. Plaintiff's Cross Motion for Summary Judgment (Dkt. No. 34) is hereby moot and DENIED.

Dated this 14th day of June, 2023.

David G. Estudillo
United States District Judge